# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAMERON CUNNINGHAM, | ) |
|     Plaintiff, | ) |
| | )   No. 17 CV 5070 |
| v. | ) |
| | )   Judge: Rebecca R. Pallmeyer |
| CITY OF CHICAGO, MELVIN ROMAN, | ) |
| LEO AUGLE, and STEVEN LIPKIN | ) |
|     Defendants. | ) |

## SECOND AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the law of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers Melivin Roman, Leo Augle, and Steven Lipkin are all duly appointed and sworn Chicago Police Officers. At all times relevant to this Complaint, Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. Defendant-Officers are sued in their individual capacities.

7. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-

Officers.

## Facts

8. On July 9, 2016, Plaintiff, Mr. Cameron Cunningham, attended a nonviolent political demonstration in downtown Chicago.

9. The demonstration began at the Taste of Chicago and then continued north on Michigan Avenue.

10. Chicago police officers were present throughout the demonstration, and often walked along with the protestors, at times blocking traffic in order to facilitate the movement of the demonstration.

11. While the demonstration was proceeding down Michigan Avenue, both police and protestors walked in the street.

12. Plaintiff walked along with the demonstration, peacefully exercising his First Amendment Rights.

13. At no time prior to his arrest did the Plaintiff hear police officers order him or others to get out of the street. In fact, the police were giving ongoing permission for the protestors to be in the street.

14. At some point later, the demonstration reached the area of around 900 N. Michigan Avenue.

15. At that time, some of the demonstrators were on the sidewalk and others were in the street.

16. Chicago Police officers, including Defendant-Officers, were also in the street.

17. Chicago Police officers, including Defendant-Officers, became hostile and physical with protesters.

18. Plaintiff was in the street surrounded by a group of police and protestors.

19. The crowd of protestors and police was large and tight and the police were pushing the ground in an aggressive manner.

20. A Chicago police officer, who Plaintiff identified to be Captain Roman, screamed something to the effect of get back and then suddenly and immediately advanced toward Plaintiff, unprovoked, and struck Plaintiff about the body with a baton on his face, chest, and neck and then used his foot to bring Plaintiff to the ground.

21. This force was unreasonable as Plaintiff was complaint and not fighting the police in anyway.

22. Once on the ground, Officers Augle, Lipkin, and other Chicago police officers forced Plaintiff's face hard onto the ground, further injuring his face, and used their body weight to hold Plaintiff roughly on the ground.

23. Plaintiff was not resisting or fighting the police in any way.

24. Chicago police officers including officers Augle and Lipkin placed Plaintiff in handcuffs on the ground.

25. Chicago police officers including officers Augle and Lipkin pulled Plaintiff up off the ground by his hands and arms.

26. This force was unreasonable.

27. Plaintiff suffered injuries to his face, neck, and body from the actions of the Chicago police.

28. At no time prior to being struck was plaintiff told to get out of the street.

29. Police officers put Plaintiff in the transport vehicle and took him to police lockup.

30. Back at police lockup, officers Augle and Lipkin worked together with officer Roman and other Chicago police officers to bring false criminal charges against Plaintiff.

31. In sworn police reports, and a sworn criminal complaint, Officers Augle and Lipkin charged Plaintiff with a Chicago Ordinance Violation of failure to exercise due care and claimed that Plaintiff was arrested for standing in the street in violation of a direct order from Captain Roman.

32. No direct order was ever given by Captain Roman or anyone else to Plaintiff to get out of the street.

33. At all times when Plaintiff was in the street, it was pursuant to his decision to exercise his First Amendment Right to participate in a nonviolent demonstration and with the permission of the Chicago police who allowed the protest to proceed in the street.

34. There was no probable cause to arrest Plaintiff.

35. There was no probable cause to initiate charges against the Plaintiff for Failure to Exercise Due Care or any other charge.

36. Plaintiff was forced to obtain a lawyer and appear in court on multiple occasions to defend himself against the false charge.

37. Defendant-Officers appeared in court to facilitate the prosecution of Plaintiff.

38. Defendant-Officers neglected to amend the criminal complaint they brought against Plaintiff, which contained false information.

39. Plaintiff's criminal charge was dismissed on the day of trial by the State's Attorney because the State could not meet their burden of proof.

40. As a result of the conduct of the Defendant-Officers and other Chicago police officers, Mr. Cunningham suffered injuries including but not limited to: physical injuries, physical pain, loss of freedom, loss of time, garden variety emotional distress, and pecuniary damages including medical bills.

## Count I
### (42 U.S.C. §1983 – False Arrest)

41. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

42. Defendant-Officers arrested Plaintiff and/or failed to intervene to stop the false arrest of Plaintiff despite having the opportunity to do so.

43. Defendant-Officers did not have probable cause or any other legal justification to arrest Plaintiff.

44. The arrest of Plaintiff without probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. §1983 – Excessive Force)

45. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

46. The acts of Defendant-Officers in using force against the Plaintiff and/or in failing to prevent said abuse violated Plaintiff's rights under the Fourth Amendment, as guaranteed by the Fourteenth Amendment, to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Illinois State Law Claim for Malicious Prosecution)

47. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

48. Defendant-Officers conspired to commence and continue false charges against Plaintiff for a Chicago ordinance violation.

49. There was not probable cause for this charge.

50. The charges were terminated in a manner favorable to Plaintiff and indicative of his innocence.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers

b) Award Plaintiff compensatory damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Illinois State Law Claim for Battery)

51. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

52. The Defendant-Officers and unidentified Chicago Police Officers intentionally struck and injured Plaintiff without justification as described above.

53. These actions were the direct and proximate cause of the injuries suffered by Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,
b) Award Plaintiff compensatory damages,
c) Award costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (Illinois State Law Claim for False Imprisonment)

54. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

55. The Defendant-Officers and unidentified Chicago Police Officers physically seized and restrained Plaintiff, thereby arresting Plaintiff and restricting his freedom of movement, which was done without legal justification.

56. These actions were the direct and proximate cause of the injuries suffered by Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the Defendant-Officers,
b) Award Plaintiff compensatory damages,
c) Award costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Claim for Indemnification pursuant to 745 ILCS 10/9-102)

57. The acts of the Defendant-Officers and unidentified Chicago police officers described above were willful and wanton, and committed in the scope of employment.

58. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers and unidentified Chicago police officers for any judgment entered in this case arising from their actions.

## COUNT VII
### (State law claim for *Respondeat Superior*)

59. The acts of the Defendant-officers and unidentified officers as described above, were committed in the scope of employment.

60. As principal and employer, Defendant City of Chicago is liable for its agents' actions under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff asks that this Honorable Court find Defendant City of Chicago liable for the actions of Defendant-Officers and unidentified officers for any judgment entered in this case arising from their actions.

**Plaintiff demands a trial by jury on all claims.**

Respectfully submitted,

/s/ Sara Garber
Thedford Garber Law
53 West Jackson Blvd., Suite 638
Chicago, Illinois 60604
O: 312-614-0866
E: sara@thedfordgarberlaw.com
F: 312-754-8096
*Counsel for Plaintiff*