UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAMERON CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 CV 5070 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO ET AL., | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO
<u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendants City of Chicago, Captain Roman (Star No. 22), Sergeant Augle (Star No. 1399) and Officer Lipkin (Star No. 3603) (collectively, "defendants") respectfully submit the following answer, affirmative defenses and jury demand.

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the law of the State of Illinois.

<u>ANSWER</u>: Defendants admit that plaintiff asserts claims in this action pursuant to 42 U.S.C. § 1983 and pursuant to certain laws of the State of Illinois and seeks to recover money damages in connection with those claims.  Defendants deny any remaining allegations of paragraph one and deny that plaintiff's claims are meritorious.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

ANSWER: Defendants admit that this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1343(a) and 1367(a) and deny any remaining allegations of paragraph two.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

ANSWER: Defendants admit that venue is proper pursuant to 28 U.S.C. § 1391(b) and, further answering, deny that plaintiff's claims are meritorious and deny any remaining allegations of paragraph three.

Parties

4.    Plaintiff is a resident of Chicago, Illinois.

ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph four and therefore deny same.

5.    Defendant-Officers Melvin Roman, Leo Augle, and Steven Lipkin are all duly appointed and sworn Chicago Police Officers. At all times relevant to this Complaint, Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

ANSWER: Defendants admit that at all times relevant to plaintiff's claims Captain Roman, Sergeant (then Officer) Augle and Officer Lipkin were acting under color of state law and municipal ordinance and within the course and scope of their employment as duly appointed and sworn police officers for the City of Chicago. Defendants deny that plaintiff's claims are meritorious and deny any remaining allegations of paragraph five.

6.    Defendant-Officers are sued in their individual capacities.

2

Defendants admit that plaintiff purports to sue Defendants Captain Roman, Sergeant Augle and Officer Lipkin in their individual capacities. Defendants deny that plaintiff's claims are meritorious and deny any remaining allegations of paragraph six.

7. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

ANSWER: Defendants admit that defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer of defendant Captain Roman, Sergeant Augle and Officer Lipkin. Defendants admit that defendant City of Chicago is the principal of Captain Roman, Sergeant Augle and Officer Lipkin when they are on duty and acting in the course and scope of their employment as police officers for the City of Chicago and deny any remaining allegations of paragraph seven.

Facts

8. On July 9, 2016, Plaintiff, Mr. Cameron Cunningham, attended a nonviolent political demonstration in downtown Chicago.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit that at least in and around the time Sergeant (then Officer) Augle and Officer Lipkin encountered plaintiff on July 9, 2016, plaintiff was present at a demonstration at approximately 900 North Michigan Avenue, Chicago, Illinois. Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny that the demonstration was "nonviolent" and lack knowledge or information sufficient to

3

form a belief as to the truth or falsity of any remaining allegations of paragraph eight and therefore deny same.

Defendant Captain Roman admits on information and belief that plaintiff was present at a demonstration at approximately 900 North Michigan Avenue at least in and around the time of arrest set forth in the report of plaintiff's July 9, 2016 arrest. Defendant Captain Roman denies that the demonstration was "nonviolent" and lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations of paragraph eight and therefore denies same.

9.     The demonstration began at the Taste of Chicago and then continued north on Michigan Avenue.

ANSWER: Defendants admit, in part on information and belief, that the demonstration on July 9, 2016, which at one point was in the vicinity of 900 North Michigan Avenue, was at one point earlier in the day at or near Taste of Chicago and protestors then moved north on Michigan Avenue. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph nine and therefore deny same.

10.     Chicago police officers were present throughout the demonstration, and often walked along with the protestors, at times blocking traffic in order to facilitate the movement of the demonstration.

ANSWER: Defendants admit that Chicago police officers policed the demonstration, including while protestors moved north on Michigan Avenue. Defendants further admit, in part on information and belief, that Chicago police officers at times regulated traffic but deny that this was "in order to facilitate the

movement of the demonstration," which never had permission to be in the street. Defendants deny any remaining allegations of paragraph ten.

11.    While the demonstration was proceeding down Michigan Avenue, both police and protestors walked in the street.

Defendants admit that, as the demonstration proceeded north on Michigan Avenue, protesters at times walked in certain parts of Michigan Avenue and police officers walked nearby. Defendants deny that any protesters were given expressed or implied permission to be in any part of Michigan Avenue, affirmatively state that traffic in the southbound lanes of Michigan Avenue kept, with momentary exceptions, moving and deny any remaining allegations of paragraph eleven.

12.    Plaintiff walked along with the demonstration, peacefully exercising his First Amendment Rights.

Defendants admit, on information and belief, that plaintiff at least in part walked with the demonstration north on Michigan Avenue. Defendants deny that plaintiff was exercising any First Amendment right while in Michigan Avenue or any other place where plaintiff did not have the right to be and lack knowledge or information sufficient to form a belief as to whether plaintiff was at other times exercising his First Amendment Rights and therefore deny same. Defendants deny that plaintiff was peaceful and deny any remaining allegations of paragraph twelve.

13.    At no time prior to his arrest did the Plaintiff hear police officers order him or others to get out of the street. In fact, the police were giving ongoing permission for the protestors to be in the street.

ANSWER: Defendants deny the allegations of paragraph thirteen.

14.    At some point later, the demonstration reached the area of around 900 N. Michigan Avenue.

ANSWER: Defendants admit that the demonstration reached an area in or around 900 N. Michigan Avenue and deny any remaining allegations of paragraph 14.

15.    At that time, some of the demonstrators were on the sidewalk and others were in the street.

ANSWER: Defendants admit that after arriving in the vicinity of 900 North Michigan Avenue, protestors almost entirely left Michigan Avenue and traffic, which had kept moving in the southbound lanes of Michigan Avenue, resumed in the northbound lanes of Michigan Avenue.  Defendants further admit that police officers took affirmative steps to keep protestors out of the southbound lanes of Michigan Avenue.  Defendants further admit, in part on information and belief, that at some point thereafter protestors illegally entered the southbound lanes of Michigan Avenue, including near a police transport van parked in a northbound left-turn-only lane, dangerously obstructing numerous vehicles in the southbound lanes and part of the northbound lanes and the adjacent intersection.  Further answering, defendants deny that demonstrators had any expressed or implied permission to be in Michigan Avenue.  Defendants deny any remaining allegations of paragraph fifteen.

16.    Chicago Police officers, including Defendant-Officers, were also in the street.

ANSWER: Defendants admit, in part upon information and belief, that at various times Chicago police officers, including at times defendants Captain Roman, Sergeant (then Officer) Augle and Officer Lipkin, were present in or about Michigan

Avenue as part of their police duties. Defendants deny any remaining allegations of paragraph sixteen.

17. Chicago Police officers, including Defendant-Officers, became hostile and physical with protesters.

ANSWER: Defendants deny the allegations of paragraph seventeen and, further answering, state, in part on the basis of information and belief, that protestors became hostile and physical with police when protestor Cameron Miller was arrested in the southbound lanes of Michigan Avenue for failure to use due care as a pedestrian, after which limited, legal, reasonable, appropriate and necessary crowd control techniques were employed to prevent disruption of the arrest of Cameron Miller and to clear the southbound lanes of Michigan Avenue. Defendants deny any remaining allegations of paragraph seventeen.

18. Plaintiff was in the street surrounded by a group of police and protestors.

ANSWER: Defendants admit, in part on the basis of information and belief, that plaintiff knowingly and intentionally illegally entered the southbound lanes of Michigan Avenue to join a crowd of protestors who were illegally attempting to disrupt, and/or otherwise were illegally protesting, the arrest of protester Cameron Miller. Defendants further admit, in part on the basis of information and belief, that plaintiff intentionally and illegally inserted himself into the crowd of protestors in the southbound lanes of Michigan Avenue, including in one instance intentionally and illegally approaching a point in the midst of officers and protestors near where Captain Roman was working to bring Cameron Miller to a police transport van, after which police officers moved protestors, including plaintiff, toward the west

7

sidewalk, adjacent to the southbound lanes of Michigan Avenue. Defendants deny that plaintiff had expressed or implied permission to enter the southbound lanes of Michigan Avenue or that plaintiff believed that he had such permission and deny any remaining allegations of paragraph eighteen.

19.    The crowd of protestors and police was large and tight and the police were pushing the ground in an aggressive manner.

ANSWER: Defendants admit, in part on the basis of information and belief, that the crowd of protestors illegally in the southbound lanes of Michigan Ave. congested and obstructed the southbound lanes.  Defendants deny the remaining allegations of paragraph nineteen.

20.    A Chicago police officer, who Plaintiff identified to be Captain Roman, screamed something to the effect of get back and then suddenly and immediately advanced toward Plaintiff, unprovoked, and struck Plaintiff about the body with a baton on his face, chest, and neck and then used his foot to bring Plaintiff to the ground.

ANSWER: Defendants deny the allegations of paragraph twenty except that defendants admit, in part on the basis of information and belief, that plaintiff at one point came sufficiently close to where Captain Roman was bringing Cameron Miller through the crowd for plaintiff to be able to hear Captain Roman's commands to the surrounding crowd to get back and out of the street, that plaintiff later, after moving well away from Captain Roman, lunged forward and toward the ground and into officers and that plaintiff claims, wrongly, that Captain Roman struck him with a baton and used his foot to bring plaintiff to the ground, which defendants, in part on information and belief, deny that any officer did.  Defendants deny the remaining allegations of paragraph twenty.

21. This force was unreasonable as Plaintiff was compliant and not fighting the police in anyway.

ANSWER: Defendants deny the allegations of paragraph twenty-one.

22. Once on the ground, Officers Augle, Lipkin, and other Chicago police officers forced Plaintiff's face hard onto the ground, further injuring his face, and used their body weight to hold Plaintiff roughly on the ground.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny the allegations of paragraph twenty-two. Defendant Captain Roman denies any allegations of paragraph twenty-two that allege conduct on his part and otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph twenty-two and therefore denies same.

23. Plaintiff was not resisting or fighting the police in any way.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit that, while laying on the ground being handcuffed, plaintiff did not appear to be resisting or fighting police. Defendants City of Chicago, Sergeant Augle and Officer Lipkin, based in part on information and belief, deny the remaining allegations of paragraph twenty-three. Defendant Captain Roman denies any allegations of paragraph twenty-three that allege conduct on his part and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph twenty-three and therefore denies same.

24. Chicago police officers including officers Augle and Lipkin placed Plaintiff in handcuffs on the ground.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit, in part on information and belief, that Sergeant (then Officer) Augle, Officer

Lipkin and other Chicago police officers placed plaintiff in handcuffs while plaintiff lay on the ground. Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny any remaining allegations of paragraph twenty-four. Defendant Captain Roman denies any allegations of paragraph twenty-four that allege conduct on his part and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph twenty-four and therefore denies same.

25.     Chicago police officers including officers Augle and Lipkin pulled Plaintiff up off the ground by his hands and arms.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit, in part on the basis of information and belief, that Sergeant (then Officer) Augle, Officer Lipkin and other Chicago police officers brought plaintiff to his feet after plaintiff was handcuffed on the ground, including pulling plaintiff up by his pants, shirt and arms. Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny the remaining allegations of paragraph twenty-five. Defendant Captain Roman denies any allegations of paragraph twenty-five that allege conduct on his part and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph twenty-five and therefore denies same.

26.     This force was unreasonable.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny the allegations of paragraph twenty-six. Defendant Captain Roman denies any allegations of paragraph twenty-six that allege conduct on his part and lacks

10

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph twenty-six and therefore denies same.

27.    Plaintiff suffered injuries to his face, neck, and body from the actions of the Chicago police.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin, in part on the basis of information and belief, deny the allegations of paragraph twenty-seven except that they admit, in part on the basis of information and belief, that plaintiff later was determined to have a very small laceration near the left eyebrow and a very small abrasion near the right lower lip.  Defendant Captain Roman denies the allegations of paragraph twenty-seven that allege conduct on his part and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph twenty-seven and therefore denies same.

28.    At no time prior to being struck was plaintiff told to get out of the street.

ANSWER: Defendants, in part on the basis of information and belief, deny the allegations of paragraph twenty-eight.

29.    Police officers put Plaintiff in the transport vehicle and took him to police lockup.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit that Sergeant (then Officer) Augle and Officer Lipkin helped place plaintiff in a transport vehicle that was driven to a police station and that plaintiff eventually was placed in a lockup.  Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny any remaining allegations of paragraph twenty-nine.  Captain Roman

11

denies any allegations of paragraph twenty-nine that allege conduct on his part and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph twenty-nine and therefore denies same.

30.    Back at police lockup, officers Augle and Lipkin worked together with Officer Roman and other Chicago police officers to bring false criminal charges against Plaintiff.

ANSWER: Defendants deny the allegations of paragraph thirty.

31.    In sworn police reports, and a sworn criminal complaint, Officers Augle and Lipkin charged Plaintiff with a Chicago Ordinance Violation of failure to exercise due care and claimed that Plaintiff was arrested for standing in the street in violation of a direct order from Captain Roman.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit that Sergeant (then Officer) Augle and Officer Lipkin worked together, along with a supervising Lieutenant, to prepare plaintiff's arrest report and the ordinance violation complaint.  Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit that plaintiff's arrest report states, and the ordinance violation complaint charges, that plaintiff failed to exercise due care in violation of Chicago Municipal Ordinance § 9-60-120 by standing in the roadway at 900 North Michigan Avenue. Further answering, defendants City of Chicago, Sergeant Augle and Officer Lipkin admit that plaintiff's arrest report and the ordinance violation complaint additionally note that plaintiff was given a direct order by Captain Roman to disperse and clear the street.  Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny the remaining allegations of paragraph thirty-one.  Defendant Captain Roman lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph thirty-one and therefore denies same.

12

32.    No direct order was ever given by Captain Roman or anyone else to Plaintiff to get out of the street.

ANSWER:  Defendants deny, in part on the basis of information and belief, the allegations of paragraph thirty-two.

33.    At all times when Plaintiff was in the street, it was pursuant to his decision to exercise his First Amendment Right to participate in a nonviolent demonstration and with the permission of the Chicago police who allowed the protest to proceed in the street.

ANSWER: Defendants deny the allegations of paragraph thirty-three.

34.    There was no probable cause to arrest Plaintiff.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny the allegations of paragraph thirty-four.  Defendant Captain Roman, in part on the basis of information and belief, denies the allegations of paragraph thirty-four.

35.    There was no probable cause to initiate charges against the Plaintiff for Failure to Exercise Due Care or any other charge.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny the allegations of paragraph thirty-five.  Defendant Captain Roman, in part on the basis of information and belief, denies the allegations of paragraph thirty-five.

36.    Plaintiff was forced to obtain a lawyer and appear in court on multiple occasions to defend himself against the false charge.

ANSWER: Defendant City of Chicago admits that plaintiff was represented by counsel, admits on information and belief that plaintiff appeared at least once in court in the underlying ordinance violation proceedings and lacks knowledge or information sufficient to form a belief as to whether plaintiff appeared in court in the underlying ordinance violation proceedings at other times and therefore denies

same. Defendant City of Chicago denies the remaining allegations of paragraph thirty-six. Defendants Sergeant Augle and Officer Lipkin deny that the ordinance violation charge against plaintiff was false and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph thirty-six and therefore deny same. Defendant Captain Roman denies, in part on the basis of information and belief, that the ordinance violation charge against plaintiff was false and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph thirty-six and therefore denies same.

37. Defendant-Officers appeared in court to facilitate the prosecution of Plaintiff.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit that Sergeant (then Officer) Augle and Officer Lipkin each went to court in connection with the ordinance violation complaint against plaintiff in response to direction from the prosecutor and deny the remaining allegations of paragraph thirty-seven. Defendant Captain Roman denies the allegations of paragraph thirty-seven that allege conduct on his part and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph thirty-seven and therefore denies same.

38. Defendant-Officers neglected to amend the criminal complaint they brought against Plaintiff, which contained false information.

ANSWER: Defendants deny that any defendant police officer had either the duty or authority to amend the ordinance violation complaint and deny, in part on the basis of information and belief, that the ordinance violation complaint contained

14

false information. Defendants Captain Roman, Sergeant (then Officer) Augle and Officer Lipkin each admits that he did not amend the ordinance violation complaint and denies any remaining allegations of paragraph thirty-eight. Defendant City of Chicago admits that the ordinance violation complaint was not amended and denies any remaining allegations of paragraph thirty-eight.

39.     Plaintiff's criminal charge was dismissed on the day of trial by the State's Attorney because the State could not meet their burden of proof.

ANSWER: Defendant City of Chicago admits that plaintiff's ordinance violation charge was non-suited on the day of trial, denies that there was not sufficient evidence to prove the ordinance violation charge and denies the remaining allegations of paragraph thirty-nine. Defendants Sergeant Augle and Officer Lipkin deny that there was not sufficient evidence to prove the ordinance violation charge, admit on the basis of information and belief that the charge was non-suited on the day of trial and deny the remaining allegations of paragraph thirty-nine. Defendant Captain Roman denies, in part on the basis of information and belief, that there was not sufficient evidence to prove the ordinance violation charge, admits on the basis of information and belief that the charge was non-suited on the day of trial and denies the remaining allegations of paragraph thirty-nine.

40.     As a result of the conduct of the Defendant-Officers and other Chicago police officers, Mr. Cunningham suffered injuries including but not limited to: physical injuries, physical pain, loss of freedom, loss of time, garden variety emotional distress, and pecuniary damages including medical bills.

ANSWER: Defendants deny the allegations of paragraph forty.

Count I
(42 U.S.C. §1983 – False Arrest)

41. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

ANSWER: Defendants repeat and reallege their answers to all preceding paragraphs as if fully set forth herein.

42. Defendant-Officers arrested Plaintiff and/or failed to intervene to stop the false arrest of Plaintiff despite having the opportunity to do so.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit that Sergeant (then Officer) Augle and Officer Lipkin arrested plaintiff and deny the remaining allegations of paragraph forty-two. Defendant Captain Roman denies the allegations of paragraph forty-two that allege conduct on his part, denies in part on the basis of information and belief that probable cause to arrest plaintiff was lacking, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph forty-two and therefore denies same.

43. Defendant-Officers did not have probable cause or any other legal justification to arrest Plaintiff.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin deny the allegations of paragraph forty-three. Defendant Captain Roman denies the allegations of paragraph forty-three that allege conduct on his part, denies in part on the basis of information and belief that probable cause to arrest plaintiff was lacking and denies any remaining allegations of paragraph forty-three.

44. The arrest of Plaintiff without probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

ANSWER: Defendants deny the allegations of paragraph forty-four.

COUNT II
(42 U.S.C. §1983 – Excessive Force)

45.    Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

ANSWER: Defendants repeat and reallege their answers to all preceding paragraphs as if fully set forth herein.

46.    The acts of Defendant-Officers in using force against the Plaintiff and/or in failing to prevent said abuse violated Plaintiff's rights under the Fourth Amendment, as guaranteed by the Fourteenth Amendment, to be free from excessive and unreasonable force.

ANSWER: Defendants deny the allegations of paragraph forty-six.

COUNT III
(Illinois State Law Claim for Malicious Prosecution)

47.    Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

ANSWER: Defendants repeat and reallege their answers to all preceding paragraphs as if fully set forth herein.

48.    Defendant-Officers conspired to commence and continue false charges against Plaintiff for a Chicago ordinance violation.

ANSWER: Defendants deny the allegations of paragraph forty-eight.

49.    There was not probable cause for this charge.

ANSWER: Defendants deny the allegations of paragraph forty-nine.

50.    The charges were terminated in a manner favorable to Plaintiff and indicative of his innocence.

ANSWER: Defendants deny the allegations of paragraph fifty.

COUNT IV
(Illinois State Law Claim for Battery)

51.    Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

17

ANSWER: Defendants repeat and reallege their answers to all preceding paragraphs as if fully set forth herein.

52. The Defendant-Officers and unidentified Chicago Police Officers intentionally struck and injured Plaintiff without justification as described above.

ANSWER: Defendants deny the allegations of paragraph fifty-two.

53. These actions were the direct and proximate cause of the injuries suffered by Plaintiff.

ANSWER: Defendants deny the allegations of paragraph fifty-three.

COUNT V
(Illinois State Law Claim for False Imprisonment)

54. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

ANSWER: Defendants repeat and reallege their answers to all preceding paragraphs as if fully set forth herein.

55. The Defendant-Officers and unidentified Chicago Police Officers physically seized and restrained Plaintiff, thereby arresting Plaintiff and restricting his freedom of movement, which was done without legal justification.

ANSWER: Defendants City of Chicago, Sergeant Augle and Officer Lipkin admit that Sergeant (then Officer) Augle and Officer Lipkin arrested plaintiff with the assistance of unidentified officers and deny the remaining allegations of paragraph fifty-five. Defendant Captain Roman denies the allegations of paragraph fifty-five that allege conduct on his part, denies in part on the basis of information and belief that probable cause to arrest plaintiff was lacking and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph fifty-five and therefore denies same.

56. These actions were the direct and proximate cause of the injuries suffered by Plaintiff.

ANSWER: Defendants deny the allegations of paragraph fifty-six.

COUNT VI
(Claim for Indemnification pursuant to 745 ILCS 10/9-102)

57.　The acts of the Defendant-Officers and unidentified Chicago police officers described above were willful and wanton, and committed in the scope of employment.

ANSWER: Defendant City of Chicago admits that at all times relevant to plaintiff's claims Captain Roman, Sergeant (then Officer) Augle and Officer Lipkin were acting within the course and scope of their employment as duly appointed and sworn police officers for the City of Chicago. Defendant City of Chicago admits on information and belief that unidentified officers policing the protest were at all times relevant to plaintiff's claims acting within the course and scope of their employment as duly appointed and sworn police officers for the City of Chicago. Further answering, defendant City of Chicago denies that any officer engaged in any illegal or otherwise improper conduct and incorporates herein the responses set forth above to plaintiff's allegations regarding Captain Roman, Sergeant (then Officer) Augle, Officer Lipkin and unidentified officers. Defendant City of Chicago denies any remaining allegations of paragraph fifty-seven. The allegations of paragraph fifty-seven are not directed toward defendants Captain Roman, Sergeant Augle and Officer Lipkin and therefore these defendants make no answer thereto except that each such defendant denies that he engaged in any illegal or otherwise improper conduct.

58.　Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the Defendant-Officers' actions.

19

ANSWER: Defendant City of Chicago admits to the legal duties imposed by 745 ILCS § 10/9-102 and denies any remaining allegations of paragraph fifty-eight. These allegations are not directed toward defendants Captain Roman, Sergeant Augle and Officer Lipkin and therefore these defendants make no answer thereto except that each such defendant denies that he engaged in any illegal or otherwise improper conduct.

COUNT VII<br>(State law claim for <em>Respondeat Superior</em>)

59.    The acts of the Defendant-officers and unidentified officers as described above, were committed in the scope of employment.

ANSWER: Defendant City of Chicago admits that at all times relevant to plaintiff's claims Captain Roman, Sergeant (then Officer) Augle and Officer Lipkin were acting within the course and scope of their employment as duly appointed and sworn police officers for the City of Chicago. Defendant City of Chicago admits on information and belief that unidentified officers policing the protest were at all times relevant to plaintiff's claims acting within the course and scope of their employment as duly appointed and sworn police officers for the City of Chicago. Further answering, defendant City of Chicago denies that any officer engaged in any illegal or otherwise improper conduct and incorporates herein the responses set forth above to plaintiff's allegations regarding Captain Roman, Sergeant (then Officer) Augle, Officer Lipkin and unidentified officers. Defendant City of Chicago denies any remaining allegation of paragraph fifty-nine. These allegations are not directed toward defendants Captain Roman, Sergeant Augle and Officer Lipkin and

20

therefore these defendants make no answer thereto except that each such defendant denies that he engaged in any illegal or otherwise improper conduct.

60.     As principal and employer, Defendant City of Chicago is liable for its agents' actions under the doctrine of *respondeat superior*.

ANSWER: Defendant City of Chicago denies the allegations of paragraph sixty. The allegations of paragraph sixty are not directed toward defendants Captain Roman, Sergeant Augle and Officer Lipkin and therefore these defendants make no answer thereto except that each such defendant denies that he engaged in any illegal or otherwise improper conduct.

### Affirmative Defenses

1.     At all times relevant to the events alleged in plaintiff's complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Sergeant (then Officer) Augle and Officer Lipkin, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time.  Sergeant Augle and Officer Lipkin are, therefore, entitled to qualified immunity as a matter of law.

2.     Captain Roman never specifically interacted with plaintiff during the events at issue and there is, therefore, no basis for any claim against Captain Roman. *See, e.g., Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation.") (internal quotation marks and citations omitted).

3.     Under the Illinois Tort Immunity Act, no defendant Officer or unidentified Officer is, or could have been, liable for the state law claims alleged because a public employee is not liable for his acts or omissions in the execution or enforcement of any law unless such acts or omissions constitute willful and wanton conduct. 745 ILCS § 10/2-202.

4.     Under the Illinois Tort Immunity Act, no defendant Officer or unidentified Officer is, or could have been, liable for the state law claims alleged because a public employee acting within the scope of his employment is not liable for any injury caused by the act or omission of another person. 745 ILCS § 10/2-204.

5.     Under the Illinois Tort Immunity Act, no defendant Officer or unidentified Officer is, or could have been, liable for the state law claims alleged because a public employee is not liable for injury allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of his or her employment unless he or she acted maliciously and without probable cause. 745 ILCS § 10/2-208.

6.     Under the Illinois Tort Immunity Act, no defendant Officer or unidentified Officer is, or could have been, liable for the state law claims alleged because discretionary decisions cannot form the basis of liability.  745 ILCS § 10/2-201.

7.     Defendant City of Chicago is not liable to plaintiff because its employees and agents are not, and/or could not have been, liable to plaintiff.  745 ILCS § 10/2-109.

8. In the event that any defendant is liable in damages, the total amount of damages to which plaintiff may be entitled must be reduced by application of principles of comparative fault in proportion to the amount of willful, wanton and other wrongful conduct of plaintiff or of third parties that was the proximate cause of any such damages.

9. To the extent that plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by the principle that plaintiff had a duty to mitigate his claimed injuries or damages commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

10. The City of Chicago is immune from an award of punitive damages.

<u>Jury Demand</u>

Defendants demand a trial by jury on all claims and defenses so triable.

Dated May 30, 2019.                          Respectfully submitted,

CITY OF CHICAGO, CAPTAIN
ROMAN, SERGEANT AUGLE and
OFFICER LIPKIN


By: <u>/s/Timothy P. O'Connor</u>
Their Attorney

Timothy P. O'Connor
Meyer & O'Connor, LLC
Suite 1150
332 South Michigan Ave.,
Chicago, IL 60604
(312) 346-9000

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby states that he caused a copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S SECOND AMENDED COMPLAINT to be served upon:

Sara Garber
Thedford Garber Law
53 W Jackson Blvd., Suite 638
Chicago, Illinois 60604

by electronic service through the Court's ECF filing system on this 30th day of May, 2019.

/s/ Timothy P. O'Connor